```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
RUDOLPH J. GULSBY,              :

    Plaintiff,                  :

vs.                             :
                                     CIVIL ACTION 04-0478-BH-M
JO ANNE B. BARNHART,            :
Commissioner of
Social Security,                :

    Defendant.                  :
```

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (SSI). The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on June 27, 2005. Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Rudolph J. Gulsby and against Defendant Jo Anne B. Barnhart.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born June 22, 1947. At the time of the administrative hearing, Gulsby was fifty-five years old, had completed a high school education (Tr. 82)[1], and had previous work experience as a manager/owner in the restaurant business (Tr. 294). In claiming benefits, Plaintiff alleges disability due to history of rectal carcinoma, status post surgical recession, chemotherapy and radiation as well as depression (Doc. 8 Fact Sheet).

The Plaintiff filed protective applications for disability and SSI on August 27, 2002 (Tr. 49-52, 269-73). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Plaintiff has a severe impairment, he is able to perform his past relevant

---

[1] Plaintiff completed a form indicating that he had received a Graduate Equivalency Degree (Tr. 82).

work as a food service general manger (Tr. 13-28). Plaintiff requested review of the hearing decision (Tr. 10-12) by the Appeals Council, but it was denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Gulsby alleges that: (1) The ALJ improperly found that he did not suffer from a severe mental impairment; (2) the ALJ did not properly consider the opinion of an examining psychologist; and (3) the ALJ improperly discounted his testimony (Doc. 8). Defendant has responded to—and denies—these claims (Doc. 13).

Plaintiff claims that the ALJ improperly found that he did not have a severe mental impairment.[2] In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf.*

---

[2]Because the Court is reversing the ALJ's decision on this claim, it is unnecessary to review Plaintiff's other claims in this action.

3

20 C.F.R. § 404.1521(a) (2004).[3]  The Eleventh Circuit Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

A psychological evaluation was performed by Jill Hall, Ph.D., on October 9, 2002 in which Gulsby reported having been depressed since 2001 when he and his wife were both diagnosed to have cancer; his wife was given only six months to live (Tr. 187-92).  Gulsby reported taking Xanax[4] to combat the depression.  Hall stated that Plaintiff's mood was dysphoric and his range of affect constricted though his affective expression was appropriate.  The Psychologist noted that his memory and insight were good, and though his mental illness was not serious, she diagnosed him to have Adjustment Disorder with Mixed Anxiety and Depressed Mood; she found his prognosis to be fair though she suggested psychotropic medication or mental health treatment.  Hall found no evidence of

---

[3] "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

[4] *Xanax* is a class four narcotic used for the management of anxiety disorders.  *Physician's Desk Reference* 2294 (52nd ed. 1998).

4

malingering.  The Psychologist further stated that Gulsby "may not be able to withstand the stresses of an ordinary work setting at this time due to anxiety and depression associated will illness in the patient and his wife;" this was so though he "ha[d] the ability to understand, to carry out, and remember instructions, and to respond appropriately to supervision and coworkers" (Tr. 191).

Plaintiff testified that he takes Xanax and Paxil[5] (Tr. 106-07, 302).  The medications help but he still experiences both anxiety and depression (Tr. 302-03).

Dr. Thomas D. Sunnenberg, Hematologist-Oncologist, stated that "Gulsby is severely depressed in a situational sense, and not due to cancer alone" (Tr. 254).  Sunnenberg goes on to state that although he is doing well with his own bout of cancer, his wife "was diagnosed simultaneously [] with incurable pancreatic cancer," and that "[a]s her disease worsens . . [h]e grows more depressed.  He is unable to work due to depression and daily caregiver role" (*id.*).  Gulsby's treating physician went on to state that his condition could be expected to last for more than twelve months and that he was not a malingerer (Tr. 255).  Additionally, his symptoms would distract him from adequately performing his daily

---

[5]*Paxil* is used to treat depression.  *Physician's Desk Reference* 2851-56 (52nd ed. 1998).

5

activities and that his impairments would cause him to miss more than three days a month (Tr. 256-57).

The ALJ rejected Plaintiff's testimony (Tr. 26), an opinion by a non-examining State physician that Gulsby's anxiety was severe (*see* Tr. 19-20), the opinion of treating physician Dr. Sunnenberg (Tr. 24), and the conclusion of Psychologist Hall (Tr. 24).  Essentially, the ALJ has rejected all of these opinions and/or conclusions though they collectively lead to the conclusion that Plaintiff has a severe mental impairment.  Though the ALJ dismisses Gulsby's anxiety and depression as "situational in nature," this Court finds that the evidence demonstrates that the mental illness lasted for more than a year.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is recommended that the action be reversed and remanded to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence regarding Plaintiff's mental impairment.

Furthermore, it is recommended that a final judgment be entered ordering remand in this action pursuant to sentence

four of 42 U.S.C. § 405(g).  *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).  For further procedures not inconsistent with this recommendation, see *Shalala v. Schaefer*, 509 U.S. 292 (1993).

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of

    the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 27th day of June, 2005.

                                         <u>s/BERT W. MILLING, JR.</u>
                                         UNITED STATES MAGISTRATE JUDGE