```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


RUDOLPH J. GULSBY,              :
                                :
     Plaintiff,                 :
                                :
vs.                             :    CIVIL ACTION 04-0478-M
                                :
MICHAEL J. ASTRUE,              :
Commissioner of                 :
Social Security,                :
                                :
     Defendant.                 :
```

MEMORANDUM OPINION AND ORDER

This action is before the Court on Plaintiff's attorney's Motion for Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b), with supporting Memorandum and Exhibits (Docs. 35, 36, 37), Defendant's Response to Plaintiff's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 38), and Plaintiff's attorney's Reply to Defendant's Response to Plaintiff's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 39). After consideration of all pertinent materials in the file, it is **ORDERED** that Plaintiff's attorney's Motion for Authorization of Attorney Fees be **GRANTED** and that Plaintiff's attorney, Gilbert B. Laden, be **AWARDED** an attorney's fee in the amount of $10,690.25 for his services before this Court. It is **FURTHER ORDERED** that Mr. Laden pay to Plaintiff the sum of $2,050.00, which sum represents the EAJA fee counsel

was previously awarded.

Plaintiff Rudolph J. Gulsby hired Gilbert B. Laden in 2002 to pursue his claims for disability insurance benefits and Supplemental Security Income (SSI) after his claims were denied at the administrative level.  At that time, it was agreed that Mr. Laden would receive 25 percent of past-due disability benefits due Plaintiff and his family.  A written contingent fee agreement was executed by Plaintiff on July 21, 2004, just prior to filing this action in federal court (Doc. 37, attachment 2).

For the past approximately 5 years, counsel has prosecuted Plaintiff's claims before both the Social Security Administration (SSA) and this Court.  Plaintiff filed protective applications for disability and SSI benefits on August 27, 2002, which applications were denied following a hearing by an Administrative Law Judge (ALJ), who determined that although Plaintiff has a severe impairment, he is able to perform his past relevant work as a food service general manager.  Plaintiff requested review of the hearing decision by the Appeals Council but it was denied.

After denial of his applications for benefits by the SSA, Plaintiff filed this action on July 21, 2004, for judicial review of that decision (Doc. 1).  See 42 U.S.C. §405(g).  After hearing from counsel at a hearing on June 27, 2005, the undersigned Judge entered a Report and Recommendation recommending that the decision of the Commissioner be reversed, that this action be remanded, and that judgment be entered in favor of Plaintiff Rudolph J. Gulsby

and against Defendant (Doc. 17).  By Order and Judgment entered September 8, 2005, Judge Hand adopted the Report and Recommendation and remanded this action to the Secretary for further administrative proceedings not inconsistent with the Orders of this Court (Docs. 21, 22)[1].

Without the necessity of any additional administrative proceedings, the Social Security Administration issued a Notice of Award dated January 29, 2007, awarding benefits to Plaintiff and informing him that $15,990.25 was withheld by Defendant in anticipation of payment of an authorized attorney's fee (Doc. 37, attachment 3).  On May 28, 2007, the Social Security Administration sent to Plaintiff a document entitled Important Information, informing him that it had approved an attorney's fee for Mr. Laden in the amount of $5,300.00 and that $10,690.25 was being withheld in the event Mr. Laden filed for fees for his services before this Court.  When added together, these sums amount to $15,990.25, which represents twenty-five percent of Plaintiff's past-due benefits.

On June 11, 2007, Mr. Laden filed the pending Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) for services before this Court, requesting approval of a fee in the amount of $10,690.25 (Doc. 35).  Mr. Laden spent a total of

---

[1] Upon written consent having been filed by the parties (Doc. 33), Judge Hand, on June 11, 2007, referred this case to the undersigned Judge to conduct all further proceedings and order the entry of judgment in accordance with 28 U.S.C. 636(c) and Fed.R.Civ.P. 73 (Doc. 34).

16.4 hours before this Court and has represented Plaintiff before this Court since 2004, when the complaint for judicial review was filed, without compensation for his time spent before this Court (Doc. 35).  Defendant has responded that the requested fee would result in an hourly rate of approximately $651.84 and suggests that a more reasonable fee would be $250.00 per hour, or twice the EAJA rate awarded in this District.  Defendant requests the Court to award no more than a reasonable fee under 42 U.S.C. § 406(b) (Doc. 38).

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2]  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits."  Ibid. Section 406(b) thus "provides for contingent fees to be charged *to the client*, with the amount to be set by the district court subject to a statutory maximum."  Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)(citations omitted)(emphasis in

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Act is limited to 25 percent of the past-due benefits awarded).

Although the SSA does not withhold funds from an award of SSI benefits for the payment of attorney's fees, an attorney may be able to collect a fee for such Title XVI representation directly from his or her client pursuant to their fee agreement.  Motley v. Heckler, 800 F.2d 1253, 1255 n.5 (4th Cir. 1986).  Furthermore, while it is clear that the Secretary [now Commissioner] must approve any fee for Title XVI services performed at the administrative level, Motley, 800 F.2d at 1255, n.3 (citing 20 C.F.R. § 416.1520), it is not clear whether this Court is required to approve a Title XVI fee for services performed before this Court or any appellate court.  See Motley, supra.  However, given the fact that counsel requests court approval of the fee, and given the purpose of Title XVI, which is to provide benefits to financially needy individuals who are aged, blind, or disabled, regardless of their insured status, the undersigned is of the opinion that the Court should consider whether the fee requested is reasonable and specifically authorize counsel's withdrawal of such a fee from a trust or escrow account.  Plaintiff's counsel is not requesting approval of such a fee in this action.

Eleventh Circuit precedent, see Kay v. Apfel, 176 F.3d 1322 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789,

122 S.Ct. 1817(2002)(decided May 28, 2002), previously required the "lodestar" method, under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable § 406(b) fees.  The existence of a contingent-fee agreement was just one of a number of different factors to be considered in adjusting the lodestar amount upward or downward.  Id. at 1327.

The Supreme Court in Gisbrecht, in resolving the division among the circuits on the appropriate method of calculating fees under § 406(b), concluded that Congress designed § 406(b) to control, not to displace, fee agreements between Social Security benefit claimants and their counsel, Id. at 1817, and that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases". Id. at 1828.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. at 1828.

The fees provided for in 42 U.S.C. § 406(b) are in addition

to those provided in § 406(a), which states that the Commissioner may award attorney's fees, to a successful claimant's attorney for work performed before the Social Security Administration. Fees awarded pursuant to § 406(a) and § 406(b) are awarded in addition to any attorney's fees a claimant's attorney may receive pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(EAJA), if the Commissioner's position before the Court was not "substantially justified." <u>Gisbrecht</u>, 122 S.Ct. at 1822. In order to avoid a double recovery of attorney's fees, a claimant's attorney who is awarded attorney's fees under § 406(b) and the EAJA must refund the lesser amount to his or her client. <u>Id</u>. at 1822.

Mr. Laden filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act on November 7, 2005 (Doc. 23). After consideration of that motion, to which Defendant had no objection (Doc. 24), Judge Hand entered an Order and Judgment awarding Plaintiff's counsel an EAJA fee in the amount of $2,050.00 on December 22, 2005 (Docs. 26, 27). In the present Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b), Mr. Laden acknowledges that an attorney's fee awarded under 42 U.S.C. § 406(b) is subject to a dollar-for-dollar offset by previous attorney's fees awarded under EAJA, which in this instance is $2,050.00.

The Supreme Court in <u>Gisbrecht</u> did not set out the specific factors that the district courts are to consider when reviewing fees yielded by a contingent-fee agreement but it did cite with

approval the opinions of courts in several circuits that give effect to the contingent-fee agreements, if the resulting fee is reasonable.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. See, *e.g.,* McGuire V. Sullivan, 873 F.2d 974, 983 (C.A.7 1989) ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms."); Lewis v. Secretary of Health and Human Servs., 707 F.2d 246, 249-250 (C.A.6 1983)(instructing reduced fee when representation is substandard). If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. See Rodriquez v. Bowen, 865 F.2d 739, 746-747 (C.A.6 1989). If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. See *id.*, at 747 (reviewing court should disallow "windfalls for lawyers"); Wells v. Sullivan, 907 F.2d 367, 372 (C.A.2 1990)(same). In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. See Rodriquez, 865 F.2d at 741. Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

122 S.Ct. at 1828-1829.

A contingent-fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  A district court, upon finding the contingent-fee agreement provides for an unreasonable fee, may reduce the fee provided it states reasons for and the amount of the reduction.  Id. at 372.

Therefore, it appears that the Supreme Court intends the district courts to give great deference to the contingent-fee agreements and to uphold them if the fees produced by them are reasonable.  Factors that may be considered in reviewing for reasonableness are (1) the character of representation; (2) the result achieved by the attorney; (3) any delay caused by the attorney; (4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; (5) fraud or overreaching in making the agreement and (6) the requested fee does not exceed 25 percent of past-due benefits.

After reviewing the fee petition and the file, including Defendant's Response, in light of the guidance provided by Gisbrecht and the opinions cited above, the Court finds that Mr. Laden has diligently represented Plaintiff since 2004 in this Court and has been successful in obtaining past-due benefits for Plaintiff.  There is no evidence that Mr. Laden contributed to

any undue delay in this action, either before the Commissioner or before this Court, nor evidence of any fraud or overreaching in procuring or making the contingent-fee agreement.  Plaintiff has signed a fee agreement, in which he agrees to the fee being requested by Mr. Laden.  The total fee requested does not exceed 25 percent of past-due benefits and comports with Plaintiff's contingent-fee agreement with his attorney.  The requested fee is not so large as to be a windfall or unreasonable.  The Court finds that the requested fee of $10,690.25 is reasonable for the services rendered before this Court.

Therefore, it is **ORDERED** that Plaintiff's attorney's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) be and is hereby **GRANTED** and that Plaintiff's attorney be and is hereby **AWARDED** a fee of $10,690.25.  It is **FURTHER ORDERED** that Mr. Laden pay to Plaintiff the sum of $2,050.00, which sum represents the EAJA fee counsel was previously awarded.

DONE this 19th day of July, 2007.

                                                    s/BERT W. MILLING, JR.
                                                    UNITED STATES MAGISTRATE JUDGE